**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHANE AUSTIN PETERS, | No. 17-17485 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-00586-JKS |
| v. | |
| ERIC ARNOLD, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, Jr., Senior District Judge, Presiding

Submitted February 6, 2019**
San Francisco, California

Before: THOMAS, Chief Judge, PAEZ, Circuit Judge, and FEINERMAN,***
District Judge.

Shane Austin Peters appeals the district court's denial of his 28 U.S.C.

§ 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. §§ 1291

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

and 2253, and we affirm.

The district court correctly held that the California Court of Appeal did not unreasonably apply *Jackson v. Virginia*, 443 U.S. 307 (1979), in holding that the evidence was sufficient to support the jury's true finding on the gang enhancement under section 186.22(b)(1) of the California Penal Code. *See* 28 U.S.C. § 2254(d)(1). The state court reasonably held that the evidence was sufficient to support a finding that the North Vallejo Savages ("NVS") were a "criminal street gang." Cal. Penal Code § 186.22(f). The jury was entitled to believe expert and lay witness testimony that NVS was a subgroup of the Norteños. *See Long v. Johnson*, 736 F.3d 891, 896 (9th Cir. 2013). That testimony raised a reasonable inference that the groups shared "some sort of collaborative activities or collective organizational structure" such that they could be considered together for purposes of section 186.22(f). *People v. Williams*, 86 Cal. Rptr. 3d 130, 135 (Ct. App. 2008).

Expert testimony that NVS had seven to ten members was sufficient to support the jury's finding that it had at least three members. And given the link between NVS and the Norteños, the expert's testimony about the Norteños' primary activities, his testimony that he personally knew of two convictions for predicate offenses, and exhibits documenting the convictions, a reasonable jury could conclude that the "primary activities" and "pattern of criminal gang activity"

2

elements of section 186.22(f) were satisfied—or so the state court could hold without applying *Jackson* in an objectively unreasonable manner. *See Johnson v. Montgomery*, 899 F.3d 1052, 1058-59 (9th Cir. 2018); *Long*, 736 F.3d at 896.

Peters's submission that the California Court of Appeal erred in interpreting state law and in holding that the expert testimony rested on an adequate foundation is irrelevant to this court's evaluation on federal habeas review of whether the state court reasonably applied *Jackson*. *See McDaniel v. Brown*, 558 U.S. 120, 131 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Johnson*, 899 F.3d at 1059 & n.1. And contrary to Peters's argument, the state court did not shift the burden of proof when, after laying out the evidence of a connection between NVS and the Norteños, it merely observed that no evidence cut the other way.

Nor did the California Court of Appeal unreasonably apply clearly established federal law in concluding that the trial court did not violate the Confrontation Clause by admitting expert testimony that was based in part on information from confidential informants. The state court's conclusion that the confidential informants' statements were offered as a basis for the expert's opinion rather than for their truth—and that the Confrontation Clause therefore did not apply, *see United States v. Johnson*, 875 F.3d 1265, 1278 (9th Cir. 2017)—was not foreclosed by clearly established federal law. The California Supreme Court's opinion in *People v. Sanchez*, 374 P.3d 320 (Cal. 2016), does not count as clearly

3

established federal law for purposes of federal habeas review because it post-dates the state court's adjudication and is not a United States Supreme Court decision. *See Shoop v. Hill*, 139 S. Ct. 504, 506 (2019). And the fractured decision in *Williams v. Illinois*, 567 U.S. 50 (2012), did not clearly establish any Confrontation Clause principle relevant here. *See Williams*, 567 U.S. at 141 (Kagan, J., dissenting) (maintaining that "[w]hat comes out of" the Court's fractured decision "is—to be frank—who knows what"); *United States v. James*, 712 F.3d 79, 95 (2d Cir. 2013).

Finally, Peters's habeas claim regarding the trial court's preventing him from eliciting information identifying the confidential informants on cross-examination of the prosecution's expert is forfeited because he has failed to develop his argument or cite any authority for the proposition that the restriction was improper. *See United States v. Cazares*, 788 F.3d 956, 983 (9th Cir. 2015) ("The failure to cite to valid legal authority waives a claim for appellate review."). In any event, the California Court of Appeal's decision rejecting Peters's challenge to the trial court's ruling is not an unreasonable application of *Roviaro v. United States*, 353 U.S. 53 (1957).

**AFFIRMED.**